**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| | |
|---|---|
| KAREN BARRETT, | ) |
|   Plaintiff | ) |
| | ) |
| | ) |
| VS. | ) |
| | ) |
| DM ENTERPRISES, LLC, | ) |
| JOHN BARRETT, | |
| JOHN DEE | ) |
|   Defendants | ) |

## COMPLAINT

## PARTIES AND JURISDICTION

### a.    Parties

1.    At all times relevant hereto, Plaintiff, Karen Barrett (hereinafter, "Plaintiff"), was and is a resident of the State of California.

2.    At all times relevant hereto, Defendant, DM Enterprises, LLC (hereinafter, "DM"), was and is, upon information and belief, a limited liability company organized pursuant to the laws of the State of Connecticut, with its primary place of business in Madison, Connecticut.

3.    At all times relevant hereto, Defendant, John Barrett (hereinafter, "Barrett") was and is, upon information and belief, a resident of Madison, Connecticut.

4.     At all times relevant hereto, Defendant, John Dee (hereinafter "Dee") was and is, upon information and belief, a resident of Danbury, Connecticut.

### b.     Jurisdiction

5.     The Court has jurisdiction over this matter pursuant to 28 USC §1332, as well as 28 USC §1332 (a)(1).  This Court has pendent jurisdiction over the state law claims in this action pursuant to 28 U.S.C. §1367(a).

6.     The amount in controversy in this action exceeds $75,000.00 and there is complete diversity of citizenship between the Plaintiff and all Defendants.

### FACTUAL ALLEGATIONS

7.     DM was formed as a limited liability company organized pursuant to the laws of the State of Connecticut on June 2, 2008 with the purpose of selling, marketing and distributing a product it patented and named "Rewind."

8.     The purpose of "Rewind" is to alter the body's biochemical reaction to alcohol intoxication such that the effects of a hangover are minimized or become non-existent after ingesting it.

9.     DM markets, sells and distributes "Rewind" via the Internet, and, in this regard, maintains an e-commerce website located at www.nomorehangover.com.

10.     In its embryonic stages, DM wholly lacked capital to produce "Rewind," and, to fund DM's ventures, Barrett held himself out to be the brainpower behind DM and "Rewind."  It was Barrett and Dee who interfaced with Plaintiff on behalf of DM.

11.     In fact, Barrett and Dee approached the Plaintiff and promised Plaintiff employment with DM, which was, upon information and belief, to include, *inter alia*, an equity share in DM in exchange for a cash payment from Plaintiff.  Plaintiff, relying on Barrett's representations, made a $100,000.00 cash payment to Barrett and Dee.

12.     At the time that Barrett and Dee solicited the aforesaid funding from Plaintiff, DM, upon information and belief, did not have a business bank account and had not adhered to any of the formalities of corporate structure save for the nomenclature of labeling DM a limited liability company.  In short, DM was virtually non-existent prior to Plaintiff's $100,000.00 cash payment.

13.     Thereafter, Barrett and Dee solicited a loan from the Plaintiff.  The loan, which Barrett and Dee promised to repay, was for $20,000.00.

14.     Barrett and Dee made repeated promises and representations as to Plaintiff being repaid.

15.     To date, there remains due and owing an amount exceeding $120,000.00, exclusive of interest, which despite repeated demands, DM, Barrett, and Dee,

without justification, refuse to pay.   As a result, the Plaintiff has suffered economic damages.

## FIRST COUNT (BREACH OF CONTRACT – DM)

16.    Paragraphs 1-15 are re-alleged, as if fully restated.

17.    The Plaintiff and DM entered into a contract where the Plaintiff provided funding to DM.

18.    The Plaintiff performed pursuant to the terms and conditions of the contract.  Notwithstanding the fact that Plaintiff had completely performed the contract, DM refused to remit payment to the Plaintiff.

19.    To date, there remains due and owing an amount exceeding $120,000.00, exclusive of interest, which despite repeated demands, DM, without justification, refuses to pay.

20.    DM has failed to pay all sums due under the contract and has therefore breached its obligations thereunder.

21.    As a result of the aforesaid breach by DM, the Plaintiff has suffered monetary damages.

## SECOND COUNT (BREACH OF CONTRACT – BARRETT AND DEE)

22.    Paragraphs 1-15 are re-alleged, as if fully restated.

23.    The Plaintiff and Barrett and Dee entered into a contract where the Plaintiff provided funding to Barrett and Dee

24.    The Plaintiff performed pursuant to the terms and conditions of the contract.  Notwithstanding the fact that Plaintiff had completely performed the contract, Barrett and Dee refused to remit payment to the Plaintiff.

25.    To date, there remains due and owing an amount exceeding $120,000.00, exclusive of interest, which despite repeated demands, Barrett and Dee, without justification, refuse to pay.

26.    Barrett and Dee have failed to pay all sums due under the contract and has therefore breached their obligations thereunder.

27.    As a result of the aforesaid breach by Barrett and Dee, the Plaintiff has suffered monetary damages.

### THIRD COUNT (UNJUST ENRICHMENT – DM)

28.    Paragraphs 1-3 and 6-15 are re-alleged, as if fully re-stated.

29.    DM requested that Plaintiff provide funding to its business.

30.    The Plaintiff performed and demanded repayment from DM which refused to remit payment.

31.     To date, there remains due and owing an amount exceeding $120,000.00, exclusive of interest, which despite repeated demands, DM, without justification, refuses to pay.

32.     DM has received the benefits of receiving said monies, but has not made payment to the Plaintiff for same.

33.     By virtue of the aforesaid, DM has been unjustly enriched.

34.     In accordance with all of the above, there remains due and owing an amount exceeding $120,000.00, exclusive of interest, which despite repeated demands, DM, without justification, refuses to pay.

### FOURTH COUNT (UNJUST ENRICHMENT – BARRETT AND DEE)

35.     Paragraphs 1-3 and 6-15 are re-alleged, as if fully re-stated.

36.     Barrett and Dee requested that Plaintiff provide funds to them so that they could begin operating DM.

37.     The Plaintiff performed and demanded repayment from Barrett and Dee who refused to remit payment.

38.     To date, there remains due and owing an amount exceeding $120,000.00, exclusive of interest, which despite repeated demands, Barrett and Dee, without justification, refuse to pay.

39.     Barrett and Dee have received the benefits of receiving said monies, but have not made payment to the Plaintiff for same.

40.     By virtue of the aforesaid, Barrett and Dee have been unjustly enriched.

41.     In accordance with all of the above, there remains due and owing an amount exceeding $120,000.00, exclusive of interest, which despite repeated demands, Barrett and Dee, without justification, refuses to pay.

## FIFTH COUNT (FRAUD – DM)

42.     Paragraphs 1 through 15 are re-alleged, as if fully re-stated.

43.     DM made the false representation, either in words or through conduct, that the DM would remit payment to Plaintiff for monies provided by Plaintiff to DM.

44.     Plaintiff completely performed the contract.

45.     DM, however, was aware that it never intended to remit any payment to Plaintiff.

46.     It has not done so to date.

47.     DM's, false representations of making payment were made to induce the Plaintiff to rely upon their statements and actions.

48.    Plaintiff relied on the false representations to her injury, and, suffered economic loss as a result in a sum exceeding $120,000.00, exclusive of interest.

## SIXTH COUNT (FRAUD – BARRETT AND DEE)

49.    Paragraphs 1 through 15 are re-alleged, as if fully re-stated.

50.    Barrett and Dee made the false representation, either in words or through conduct, that Barrett and Dee would remit payment to Plaintiff for monies provided by Plaintiff directly to Barrett and Dee.

51.    Plaintiff completely performed the contract.

52.    Barrett and Dee, however, were aware that they never intended to remit any payment to Plaintiff.

53.    They have not done so to date.

54.    Barrett and Dee's false representations of making payment were made to induce the Plaintiff to rely upon their statements and actions.

55.    Plaintiff relied on the false representations to her injury, and, suffered economic loss as a result in a sum exceeding $120,000.00, exclusive of interest.

## SEVENTH COUNT (NEGLIGENT MISREPRESENATION – DM)

56.    Paragraphs 1 through 15 are re-alleged, as if fully re-stated.

57.     DM, in the course of its business, supplied false information to the Plaintiff in relation to the aforesaid transaction.

58.     Plaintiff was justified in relying on this information provided to her by DM.

59.     As a result, DM is liable for the economic losses suffered by the Plaintiff in a sum exceeding $120,000.00, exclusive of interest.

**EIGHTH COUNT (NEGLIGENT MISREPRESENATION – BARRETT AND DEE)**

60.     Paragraphs 1 through 15 are re-alleged, as if fully re-stated.

61.     Barrett and Dee, in the course of their business, supplied false information to the Plaintiff in relation to the aforesaid transaction.

62.     Plaintiff was justified in relying on this information provided to her by Barrett and Dee.

63.     As a result, Barrett and Dee are liable for the economic losses suffered by the Plaintiff in a sum exceeding $120,000.00, exclusive of interest.

**NINTH COUNT (CONNECTICUT UNFAIR TRADE PRACTICES ACT – DM)**

64.     Paragraphs 1 through 15 are re-alleged, as if fully re-stated.

65.    DM in the conduct of trade or commerce, engaged in machinations whereby they requested monies from the Plaintiff and then failed to remit repayment to the Plaintiff.

66.    DM's actions constitute an unfair trade practice, which offends public policy, is immoral, unethical, and unscrupulous, and which has caused substantial economic injury to the Plaintiff.

67.    Aggravating factors were present in DM's conduct, namely, the frequency and persistence of funding requests, made with the full knowledge that DM never intended to repay the monies Plaintiff loaned.

68.    Simply, DM engaged in a deceptive trade practice which ran counter to public policy and for which the Plaintiff suffered an ascertainable loss of money.

69.    By virtue of the aforesaid, the Defendant has violated the Connecticut Unfair Trade Practices Act and is liable to the Plaintiff for a sum exceeding $120,000.00, exclusive of interest, plus nominal and punitive damages, treble damages, and attorney's fees.

## TENTH COUNT (INNOCENT MISREPRESENATION – DM)

70.    Paragraphs 1 through 15 are re-alleged, as if fully re-stated.

71.     DM, in the course of its business, supplied false information to the Plaintiff in relation to the aforesaid transactions.

72.     DM made the representation of the material fact that it would remit payment to Plaintiff for monies provided by the Plaintiff, which was made for the purpose of inducing the Plaintiff to act.

73.     The representation made by DM was untrue.

74.     Plaintiff was justified in relying on this information provided to her by DM.

75.     As a result, Plaintiff suffered economic damages, and DM is liable for the economic losses suffered by the Plaintiff in a sum exceeding $120,000.00, exclusive of interest.

**ELEVENTH COUNT (INNOCENT MISREPRESENATION – BARRETT AND DEE)**

76.     Paragraphs 1 through 15 are re-alleged, as if fully re-stated.

77.     Barrett and Dee, in the course of their business, supplied false information to the Plaintiff in relation to the aforesaid transactions.

78.     Barrett and Dee made the representation of the material fact that they would remit payment to Plaintiff for monies provided by the Plaintiff, which was made for the purpose of inducing the Plaintiff to act.

79.   The representation made by Barrett and Dee was untrue.

80.   Plaintiff was justified in relying on this information provided to her by Barrett and Dee

81.   As a result, Plaintiff suffered economic damages and Barrett and Dee are liable for the economic losses suffered by the Plaintiff in a sum exceeding $120,000.00, exclusive of interest.

WHEREFORE, the Plaintiff claims:

1. Monetary damages;
2. Reasonable attorney's fees;
3. Statutory pre-judgment interest pursuant to C.G.S. § 37-3a, as amended;
4. Statutory post-judgment interest pursuant to C.G.S. §52-356d (e) and C.G.S. § 37-3a, as amended;
5. For damages pursuant to the Connecticut Unfair Trade Practices Act;
6. Such other and further relief as the Court deems just;

Dated at Hartford, Connecticut, this 17th day of May, 2017.

The Plaintiff,
Karen Barrett

By:   _/s/ct29447_____
Roderick D. Woods, Esq.

Roderick D. Woods, Esq. – ct29447
The Woods Law Firm, LLC
100 Pearl Street, Fourteenth Floor
Hartford, Connecticut 06103
(860) 549-6275 (Tel.), (860) 371-3242 (Fax)
Roderick.woods@rdw-law.com